### Case No. 14,201.

In re TROY WOOLEN CO.

[8 Blatchf 465, [1] 4 N. B. R. 629.]

Circuit Court, N. D. New York.   May 19, 1871.

BANKRUPTCY — SALE BY ASSIGNEE — NOTICE OF SALE—CREDITORS—RESALE.

1. The assignee in bankruptcy of a manufacturing corporation having sold, at auction, in one parcel, for a greatly inadequate price, two separate mills, each completely furnished with machinery, a hotel. a store, twenty dwelling houses, each susceptible of separate occupation, and sundry vacant lots, not necessary to the use of the mills, subject to a mortgage on the whole, and the property having been purchased, at such sale, by a combination of certain creditors of the corporation, while other creditors were ignorant of the time and place, and even of the fact, of the contemplated sale, and such ignorance was known and acted upon by the agent for the purchasing combination. the sale was set aside, on the application of such other creditors.

2. The facts, that such other creditors had not made formal proof of their debt, and even that the claim of such other creditors was disputed; were *held* to be of no importance, on such application.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

3. Provisions proper in the order for a resale, suggested.

4. The creditors who applied to set aside the sale, having, in such application, offered to bid, on a resale, a specified sum more for the property than it was sold for, were *held* to be bound to fulfil their order.

In bankruptcy.  Petition in review.

Edward F. Bullard, for petitioners.

John Ganson, opposed.

WOODRUFF, Circuit Judge.  It would, I think, be a gross discredit to the administration of justice, if the sale of the bankrupts' estate, made as was the one now in question, and at so great a sacrifice, that, real estate, mills, water power, and machinery of great value, have, in the administration of the assignee, been rendered worse than valueless, should be permitted to stand.  Without entering fully into the details, I have no doubt of the power of the district court over the subject.  Nor have I any less doubt that the discretion confided to the assignee, in regard to the manner of the sale, was greatly misused.  No sufficient reason appears, in the proofs, for the sale of two separate mills, each completely furnished with machinery, a hotel, a store, 20 dwelling houses, each susceptible of separate occupation, and sundry vacant lots, not necessary to the use of the mills, at auction, in one parcel.  The suggestion, that the whole was mortgaged, may furnish a reason for selling the property clear of the mortgage, and paying the mortgage debt out of the proceeds, but it seems to me quite obvious, that, had there been no combination among the creditors to purchase the whole, in the expectation, that, if offered in gross, subject to the mortgages, it would bring but a small amount, such a sale would not have been seriously contemplated.

It is possible, that the technical formal requisites to a regular sale were observed, but it is reasonably clear, from the proofs, that the ignorance of the petitioners, Cooper, Vail & Co., of the time and place, and even of the fact of the contemplated sale, was known, contemplated and acted upon, with a view to a purchase of the property by the trustee for the other creditors, at greatly less than its value; and, while I would not assert, that, under no circumstances, may a portion of the creditors unite in a purchase for the joint benefit of themselves, it ought, at least, to appear, that the sale has been so conducted, that no prejudice has come to the other creditors.

The suggestion, that the claim of Cooper, Vail & Co., as creditors, is disputed, and that they have not made formal proof of their debt, was properly held to have no weight upon the motion.  They were properly before the court, petitioning for the protection of whatever may be found due to them.  That amount will be rightly otherwise settled, and could not be settled on this motion.

The order appealed from must be affirmed, and the district court will be left to make such further order, regulating the resale and the notice thereof which should be given, as may be proper.  The sale and conveyance being set aside, a resale can be had, and, out of the moneys in the hands of the assignee, and the proceeds of the resale, there will be no difficulty in refunding to the late purchaser the amount of his bid, and such expenses as he has reasonably and properly incurred in the preservation of the property; and his reconveyance to the assignee, or the new purchasers, will be proper, though, probably, not indispensable.  The petitioners, Cooper, Vail & Co., should, however, be held to their offer to bid ten thousand dollars more for the property, and no resale should be made unless they will commence the bidding by that advance on the former sale, unless the district court, in giving further directions touching the resale, should deem it most advantageous to sell the property in parcels, in which case such a bid might be impracticable.  The petitioning creditors will, however, in such last case, appreciate the responsibility they have assumed, in asking that the sale be set aside upon their offer of the advanced price, and will be bound to fulfil their pledge.

[For subsequent proceedings in this litigation, see Cases Nos. 14,200, 14,202, and 14,203.]